# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| SMART AUTHENTICATION IP, LLC,<br><br>          Plaintiff,<br><br>v.<br><br>EVERNOTE CORPORATION,<br><br>          Defendant. | Civil Action No. _____<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Smart Authentication IP, LLC ("Smart Authentication"), by way of this Complaint against Defendant Evernote Corporation ("Evernote") alleges as follows:

## PARTIES

1. Plaintiff Smart Authentication is a limited liability company organized and existing under the laws of the State of Texas, having its principal place of business at 1400 Preston Road, Suite 400 Plano, TX 75093.

2. On information and belief, Defendant Evernote is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 305 Walnut Street Redwood City, CA 94063.

## JURISDICTION AND VENUE

3. This is an action under the patent laws of the United States, 35 U.S.C. §§ 1, *et seq.*, for infringement by Evernote of claims of U.S. Patent Nos. 8,082,213 ("the '213 patent" or "Patent-in-Suit").

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. Evernote is subject to the personal jurisdiction of this Court because, *inter alia*, upon information and belief, (i) Evernote has an office located at 3300 N. Interstate 35 Suite 400, Austin, TX 78705, (ii) Evernote has a registered office street address at 1999 Bryan St., Ste. 900 Dallas, TX 75201, (iii) Evernote has done and continues to do business in the state of Texas, and (iv) Evernote has committed and continues to commit acts of patent infringement in the State of Texas, including by making, using, offering to sell, and/or selling accused products and services in Texas.

6. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b) because, *inter alia*, on information and belief, (i) Evernote has an office located at 3300 N. Interstate 35 Suite 400, Austin, TX 78705, (ii) Evernote has a registered office street address at 1999 Bryan St., Ste. 900 Dallas, TX 75201, (iii) Evernote has done and continues to do business in this district; (iv) Evernote has committed and continues to commit acts of patent infringement in this district, including making, using, offering to sell, and/or selling accused products and services in this district, and/or importing accused products and services into this district, including by Internet sales; (v) Plaintiff Smart Authentication is located in this district, and (vi) the Patent-in-Suit is assigned to Plaintiff.

**BACKGROUND**

7. On December 20, 2011, the United States Patent and Trademark Office duly and lawfully issued U.S. Patent No. 8,082,213. A true and correct copy of the '213 patent is attached as Exhibit A.

8. Jarlath Lyons invented the technology claimed in the Patent-in-Suit.

9. Smart Authentication is the assignee and owner of the right, title, and interest in and to the '213 patent, including the right to assert all causes of action arising under said patent and the

right to any remedies for infringement.

10. The inventions of the '213 Patent generally relate to methods and systems for multi-factor authentication of users over multiple communications mediums.

11. The Patent-in-Suit discloses an Authentication Service Provider ("ASP"), which "is generally implemented above a software and hardware platform or platforms … that include operating systems, lower-level applications, and computer-server hardware." Ex. A, col. 4:13-16. "In many embodiments, the ASP … is a software implemented service that runs on one or more computer systems interconnected by various communications media with both ASP clients and users." Ex. A, col. 2:47-50. In certain embodiments, the "ASP may interact with the user via two different communications media, such as a combination of the Internet and a cell phone." Ex. A, col. 3:23-25.

12. As one example of an asserted claim, the '213 Patent recites a novel method of authenticating a user of an authentication service where an authentication-service client communicates with the user through a first communication medium. The authentication service receives user-identifying information from the authentication-service client, and uses the received user-identifying information to carry out an authentication procedure to authenticate the user by sending information to the user through a communications medium different from the first communications medium. The authentication result is then returned to the authentication service client.

13. In another example of an asserted claim, the '213 Patent recites the novel method described above, wherein the user authentication service further uses electronically-encoded information about the user to retrieve all stored user authentication policies for the user, and conducting the user authentication procedure as permitted by the stored policies. The

authentication result is then returned to the authentication service client.

14. Evernote offers a platform for taking and sharing notes among users and devices. For individuals, Evernote offers "Basic," "Plus," and "Premium" packages. For businesses, Evernote offers "Evernote Business." Evernote can be accessed online through www.evernote.com or through apps on computers and mobile devices, using operating systems such as, Windows, Android, iOS.

15. Evernote's products use two-factor authentication over multiple communications mediums by first requiring the user to enter Evernote ID and password through the Internet and then by requiring the user to verify his or her identity by entering a one-time code received by means of a text message or an authenticator app on the user's mobile device.

16. During the two-factor authentication process, Evernote also uses the electronically-encoded information about the user to retrieve all authentication-related policies for that user. For example, the user may set up a primary and back-up phones of receiving the one-time verification code and have a back-up verification code if both phones are inaccessible. Once the authentication-related policies are retrieved, Evernote conducts the authentication procedure and returns the authentication results.

## COUNT I: INFRINGEMENT OF U.S. PATENT NO. 8,082,213

17. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

18. Upon information and belief, Evernote has infringed, and continues to infringe, including, but not limited to, claims 12 and 14 of the '213 patent pursuant to 35 U.S.C. § 271(a) by making, using, offering to sell, and/or selling in the United States products and/or services, including, but not limited to "Basic," "Plus," "Premium," and "Evernote Business."

19. Upon information and belief, Evernote's products and services infringe claim 12 by, for

example, performing "two-step verification." *See* Ex. B.  In one example, Evernote's user authentication client, such as the www.evernote.com website, communicates with the user via the Internet, which is a communications medium. *See* Ex. B.  Evernote's user authentication service receives user-identifying information, such as the username.  Evernote's user authentication service then uses the user-identifying information to carry out an authentication procedure by sending to the user an authentication code via a text message, which is a communication medium that is different from the Internet. *See* Ex. B.  Evernote's user authentication service then returns an authentication result to the user authentication client.

20. In another example, Evernote's products and services infringe claim 14 by, for example, performing the method of claim 12, and further retrieving all stored user-authentication policies for the user, which includes the backup code, and optionally a backup mobile device. *See* Ex. B. In accordance with the retrieved backup policies, Evernote's user authentication service conducts the authentication procedure, and returns the authentication result to the authentication service client.

21. Upon information and belief, Evernote has committed and continues to commit the foregoing infringing activities without a license.

22. Smart Authentication has been and will continue to be irreparably harmed and damaged by Evernote's infringement of the '213 patent and has no adequate remedy at law. Smart Authentication has no adequate remedy at law and is entitled to an injunction against Defendant's continuing infringement of the '213 patent.

23. The acts of infringement by Evernote will continue unless enjoined by this Court.

## PRAYER FOR RELIEF

WHEREFORE, Smart Authentication prays for the judgment in its favor against Evernote, and specifically, for the following relief:

A. Entry of judgment in favor of Smart Authentication against Evernote on all counts;

B. Entry of judgment that Evernote has infringed the Patent-in-Suit;

C. An order permanently enjoining Evernote from infringing the Patent-in-Suit;

D. Award of compensatory damages adequate to compensate Smart Authentication for Evernote's infringement of the Patent-in-Suit, in no event less than a reasonable royalty as provided by 35 U.S.C. § 284;

E. Smart Authentication's costs;

F. Pre-judgment and post-judgment interest on Smart Authentication's award; and

G. All such other and further relief as the Court deems just or equitable.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Fed. R. Civ. Proc., Plaintiff hereby demands trial by jury in this action of all claims so triable.

Dated: November 4, 2016

Respectfully submitted,

/s/ Dmitry Kheyfits

Dmitry Kheyfits — Lead Counsel
New York State Bar No. 4743795
dkheyfits@kheyfits.com
Andrey Belenky
New York State Bar No. 4524898
abelenky@kheyfits.com
KHEYFITS P.C.
1140 Avenue of the Americas
9th Floor
New York, New York 10036

        Tel. (212) 203-5399
        Fax. (212) 203-6445

        /s/ L. Charles van Cleef
        L. Charles van Cleef TX SB #00786305
        Van Cleef Law Office
        PO Box 2432
        Longview, TX 75606-2432
        Telephone: (903) 248-8244
        Facsimile: (903) 248-8249
        charles@vancleef.pro

        *Attorneys for Plaintiff Smart Authentication IP, LLC*